JEFF S. WESTERMAN (SBN 94559)
ANDREW J. SOKOLOWSKI (SBN 226685)
MILBERG LLP
One California Plaza
300 S. Grand Ave., Suite 3900
Los Angeles, California 90071
Telephone: (213) 617-1200
Facsimile:  (213) 617-1975
jwesterman@milberg.com
asokolowski@milberg.com

*Counsel for Franklin O'Connell and
[Proposed] Liaison Counsel for the Class*

BROWER PIVEN
  A Professional Corporation
DAVID A.P. BROWER
488 Madison Avenue, 8th Floor
New York, New York 10022
Telephone: (212) 501-9000
Facsimile:  (212) 501-0300
brower@browerpiven.com

*Counsel for Franklin O'Connell and
[Proposed] Lead Counsel for the Class*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JOHN WOLFE, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>ASPENBIO PHARMA, INC., RICHARD G. DONNELLY, DAVID FAULKER, STEVE LUNDY, GREGORY PUSEY, JEFFREY G. MCGONEGAL, DR. MARK J. RATAIN, DR. ROBERT CASPARI, MARK COLGIN, GAIL S. SCHOETTLER,<br><br>　　　　　Defendants. | Case No. 2:10-cv-07365-GW(JCx)<br><br>CLASS ACTION<br><br>FRANKLIN O'CONNELL'S NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF<br><br>DATE:　　February 7, 2011<br>TIME:　　8:30 a.m.<br>CTRM:　　10<br>JUDGE:　　George H. Wu |

Franklin O'Connell's Notice of Motion and Motion for Appointment of Lead Plaintiff and Approval of Selection of Counsel; Memorandum of Point and Authorities in Support Thereof – CASE NO. 2:10-cv-07365-GW-JC

DOCS\539043v2

# NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD

PLEASE TAKE NOTICE that on February 7, 2011, at 8:30 a.m., or as soon thereafter as the matter may be heard in Courtroom 10 of the Honorable George H. Wu, Franklin O'Connell ("Mr. O'Connell" or "Movant") will and hereby does move this Court pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B), for an order: (1) appointing Mr. O'Connell as Lead Plaintiff, and (2) approving Lead Plaintiff's selection of Brower Piven, A Professional Corporation ("Brower Piven") as Lead Counsel and Milberg LLP ("Milberg") as Liaison Counsel for the Class.  This Motion is made on the grounds that Mr. O'Connell is the "most adequate plaintiff."  In support of this Motion, Mr. O'Connell submits a Memorandum of Points and Authorities and the Declaration of Andrew J. Sokolowski ("Sokolowski Decl.").

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  STATEMENT OF ISSUES TO BE DECIDED

The above-captioned securities class action (the "Action") is brought on behalf of all persons who purchased or otherwise acquired the publicly-traded securities of AspenBio Pharma, Inc. ("AspenBio" or the "Company") between February 22, 2007 and July 19, 2010, inclusive (the "Class Period").  The Action asserts claims pursuant to the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78a et seq., on behalf of purchasers of AspenBio's publicly-traded securities during the Class Period (the "Class").

This Action is brought under sections 10(b) and 20(a) of the Exchange Act and Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder, 15 U.S.C. § 78j(b), 15 U.S.C. § 78t(a), 17 C.F.R. § 240.10b-5.  The Court is to appoint as lead plaintiff the Class member with the largest financial interest in the relief sought by the Class who otherwise satisfies the requirements

Franklin O'Connell's Notice of Motion and Motion for Appointment of Lead Plaintiff and Approval of Selection of Counsel; Memorandum of Point and Authorities in Support Thereof – CASE NO. 2:10-cv-07365-GW-JC

- 1 -

DOCS\539043v2

of Rule 23 of the Federal Rules of Civil Procedure.  15 U.S.C. § 78u-4(a)(3)(B).  Here, Mr. O'Connell should be appointed as Lead Plaintiff because he: (1) timely filed his motion for appointment as Lead Plaintiff; (2) has the largest financial interest in the outcome of this litigation of any person or group of persons of which he is aware; and (3) will adequately represent the interests of the Class.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii); *see also* Sokolowski Decl., Ex. A.

In addition, Mr. O'Connell's selection of Brower Piven to serve as Lead Counsel and the Milberg as Liaison Counsel should be approved because they possess extensive experience in prosecuting securities class actions and will adequately represent the interests of the Class.

## II.  SUMMARY OF THE ACTION[1]

In 2006, and possibly as early as 2005, AspenBio began research and development of a new product that would purportedly aid emergency room medical staff in diagnosing appendicitis in humans.  The product, AppyScore, was intended to be a screen/triage blood test that would detect a "differential marker" for appendicitis, and thereby quickly confirm or refute the diagnosis of that condition.

The research and development program that eventually led to AppyScore's creation was outlined in or before July 2004.  By the beginning of the Class Period, and potentially earlier, however, the research and development program, as outlined in 2004, had failed.  Nevertheless, AspenBio did not publicly admit to this failure.  Instead, the Company misled its investors about the nature and effectiveness of AppyScore.  In summary, AppyScore was: (1) a gold-wrapped

---

[1]  This factual summary is taken from the allegations in the Class Action Complaint for Violation of the Federal Securities Laws filed in this Action on October 1, 2010.

Franklin O'Connell's Notice of Motion and Motion for Appointment of Lead Plaintiff and Approval of Selection of Counsel; Memorandum of Point and Authorities in Support Thereof – CASE NO. 2:10-cv-07365-GW-JC

- 2 -

DOCS\539043v2

rehash of a widely known and available diagnostic method; (2) ineffective and impractical for diagnosing appendicitis; (3) likely to increase the rate of false-positives, and thereby the number of unnecessary appendicitis surgeries; and (4) unable to diagnose a highly dangerous and relevant stage of the very disease it was purported to detect.

Instead of disclosing this information, the Company made a series of false and/or misleading statements and material omissions regarding AppyScore. Specifically, AspenBio stated that AppyScore was (1) novel, (2) effective, (3) highly sensitive, and (4) that, as a result of (2) – (3), it would reduce the number of false positives and unnecessary appendicitis surgeries. Not one of these claims was unconditionally true, and the first and last were blatantly false.

Finally, on June 7, 2010, the Company reported that there had been "significant variability among clinical sites" that had to be reconciled before the full results of the trial could be produced. Then, on June 19, 2010, the Company announced that the clinical trial had shown that AppyScore possessed considerably lower specificity than predicted. As a result of these two disclosures, the price of AspenBio stock first fell from $3.50 to $1.50, and then from over $1 to around $0.50.

### III. ARGUMENT

#### A. Mr. O'Connell Satisfies the PSLRA's Requirements and Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for appointing a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1); *see also* 15 U.S.C. § 78u-4(a)(3)(B)(i). First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint. 15 U.S.C. § 78u-

Franklin O'Connell's Notice of Motion and Motion for Appointment of Lead Plaintiff and Approval of Selection of Counsel; Memorandum of Point and Authorities in Support Thereof – CASE NO. 2:10-cv-07365-GW-JC

- 3 -

DOCS\539043v2

4(a)(3)(A)(i). This notice shall advise members of the class of: (1) the pendency of the action; (2) the claims asserted therein; (3) the purported class period; and (4) the right to move the court to be appointed as lead plaintiff within 60 days of publication of the notice. Here, notice was published on October 1, 2010 on *Globe Newswire* in connection with the filing of the first-filed action. *See* Sokolowski Decl., Ex. C.

Next, the PSLRA provides that the court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that –

> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002). Mr. O'Connell meets each of these requirements and should therefore be appointed Lead Plaintiff.

### 1. Mr. O'Connell's Motion Is Timely

Mr. O'Connell has timely filed this Motion within 60 days of the October 1, 2010 notice publication, and has also duly signed and filed his certification evidencing, among other things, his willingness to serve as a representative party on behalf of the Class. *See* Sokolowski Decl., Ex. A. Accordingly, Mr. O'Connell has satisfied the individual requirements of 15 U.S.C. § 78u-4(a)(3)(B) and is entitled to have his application for appointment as Lead Plaintiff considered by the Court.

Franklin O'Connell's Notice of Motion and Motion for Appointment of Lead Plaintiff and Approval of Selection of Counsel; Memorandum of Point and Authorities in Support Thereof – CASE NO. 2:10-cv-07365-GW-JC

- 4 -

DOCS\539043v2

### 2. Mr. O'Connell Possesses the Largest Financial Interest in the Relief Sought by the Class

According to 15 U.S.C. § 78u-4(a)(3)(B)(iii), the Court shall appoint as lead plaintiff the movant or movants who have the largest financial interest in the relief sought by the action. *See Cavanaugh*, 306 F.3d at 732. As demonstrated herein, Mr. O'Connell has Class Period losses of approximately $131,183.00. *See* Sokolowski Decl., Exs. A and B. To the best of his knowledge, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest. Therefore, Mr. O'Connell satisfies the PSLRA's prerequisite of having "the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### 3. Mr. O'Connell Meets Rule 23's Requirements

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) generally requires that the claims of representative parties be typical of the claims of the class and that the representatives will fairly and adequately protect the interests of the class. *See* Fed. R. Civ. P. 23; *Cavanaugh*, 306 F.3d at 730. As detailed below, Mr. O'Connell satisfies the typicality and adequacy requirements of Rule 23(a).

The test of typicality "'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (citation omitted). The threshold typicality and commonality requirements are not high; Rule 23(a) requires only that resolution of the common questions affect all, or a substantial number of, class members. *Slaven v. BP Am., Inc.*, 190 F.R.D. 649, 657 (C.D. Cal. 2000). The adequacy requirement is met if no conflicts exist between the representative and class interests and the representative's attorneys are

Franklin O'Connell's Notice of Motion and Motion for Appointment of Lead Plaintiff and Approval of Selection of Counsel; Memorandum of Point and Authorities in Support Thereof – CASE NO. 2:10-cv-07365-GW-JC

- 5 -

DOCS\539043v2

qualified, experienced and generally able to conduct the litigation. *Richardson v. TVIA, Inc.*, No. 06-06304, 2007 U.S. Dist. LEXIS 28406, at *16 (N.D. Cal. Apr. 16, 2007).

Here, Mr. O'Connell meets the typicality and adequacy requirements because, like all other members of the purported Class, he purchased AspenBio securities during the Class Period in reliance upon defendants' false and misleading statements and suffered damages thereby. Because Mr. O'Connell's claims are premised on the same legal and remedial theories and are based on the same types of alleged misrepresentations and omissions as the Class's claims, typicality is satisfied. *See In re Surebeam Corp. Sec. Litig.*, No. 03-1721, 2003 U.S. Dist. LEXIS 25022 (S.D. Cal. Dec. 31, 2003). Additionally, Mr. O'Connell is not subject to any unique defenses and there is no evidence of any conflicts between Mr. O'Connell and the other Class members. Therefore, Mr. O'Connell satisfies the *prima facie* showing of the typicality and adequacy requirements of Rule 23 for purposes of this Motion.

### B.     This Court Should Approve Mr. O'Connell's Selection of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Courts should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, Mr. O'Connell has selected Brower Piven as Lead Counsel for the Class and Milberg as Liaison Counsel for the Class. Brower Piven and Milberg have not only prosecuted complex securities fraud actions, but have also successfully prosecuted many other types of complex class actions as lead and/or class counsel. *See* Sokolowski Decl., Exs. D and E. Thus, the Court may be

Franklin O'Connell's Notice of Motion and Motion for Appointment of Lead Plaintiff and Approval of Selection of Counsel; Memorandum of Point and Authorities in Support Thereof – CASE NO. 2:10-cv-07365-GW-JC

- 6 -

DOCS\539043v2

assured that in the event this Motion is granted, the members of the Class will receive the highest caliber of legal representation available from Brower Piven as Lead Counsel and Milberg as Liaison Counsel. Mr. O'Connell has selected and retained counsel experienced in litigating securities fraud class actions with the resources to prosecute this Action to the greatest recovery possible for the Class and, therefore, his choice of Brower Piven as Lead Counsel and Milberg as Liaison Counsel should be approved.

## IV. CONCLUSION

For the foregoing reasons, Mr. O'Connell respectfully requests that the Court: (1) appoint Mr. O'Connell as Lead Plaintiff; (2) approve Mr. O'Connell's selection of Lead Counsel and Liaison Counsel for the Class; and (3) grant such other and further relief as the Court may deem just and proper.

DATED: November 30, 2010

**MILBERG LLP**
JEFF S. WESTERMAN
ANDREW J. SOKOLOWSKI

/s/ Andrew J. Sokolowski
ANDREW J. SOKOLOWSKI

One California Plaza
300 S. Grand Ave., Suite 3900
Los Angeles, CA 90071-3172
Telephone: (213) 617-1200
Facsimile: (213) 617-1975
Email: jwesterman@milberg.com
asokolowski@milberg.com

*Counsel for Franklin O'Connell and [Proposed] Liaison Counsel for the Class*

Franklin O'Connell's Notice of Motion and Motion for Appointment of Lead Plaintiff and Approval of Selection of Counsel; Memorandum of Point and Authorities in Support Thereof – CASE NO. 2:10-cv-07365-GW-JC

- 7 -

DOCS\539043v2

1
2
3
4
5
6

          **BROWER PIVEN**
           A Professional Corporation
          David A.P. Brower
          488 Madison Avenue, Eighth Floor
          New York, New York 10022
          Telephone: (212) 501-9000
          Facsimile:  (212) 501-0300
          Email: brower@browerpiven.com

*Counsel for Franklin O'Connell and [Proposed] Lead Counsel for the Class*

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Franklin O'Connell's Notice of Motion and Motion for Appointment of Lead Plaintiff and Approval of Selection of Counsel; Memorandum of Point and Authorities in Support Thereof – CASE NO. 2:10-cv-07365-GW-JC

- 8 -

DOCS\539043v2

## DECLARATION OF SERVICE BY CM/ECF AND/OR MAIL

I, the undersigned, declare:

1. That declarant is and was, at all times herein mentioned, employed in the County of Los Angeles, over the age of 18 years, and not a party to or interest in the within action; that declarant's business address is One California Plaza, 300 South Grand Avenue, Suite 3900, Los Angeles, California 90071-3149.

2. Declarant hereby certifies that on November 30, 2010, declarant served the FRANKLIN O'CONNELL'S NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF by electronically filing the foregoing document listed above by using the Case Management/ Electronic Case filing system.

3. Declarant further certifies:

☐ All participants in the case are registered CM/ECF users and that service will be accomplished by the court's CM/ECF system

☒ Participants in the case who are registered CM/ECF users will be served by the court's CM/ECF system. Participants in the case that are not registered CM/ECF users will be served by First-Class Mail, postage pre-paid or have dispatched to a third-party commercial carrier for delivery to the non-CM/ECF participants as addressed and listed in the Service List.

4. That there is a regular communication by mail between the place of mailing and the places so addressed.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 30th day of November, 2010, at Los Angeles, California.

*Cecille Chaffins*
CECILLE CHAFFINS

Franklin O'Connell's Notice of Motion and Motion for Appointment of Lead Plaintiff and Approval of Selection of Counsel; Memorandum of Point and Authorities in Support Thereof – CASE NO. 2:10-cv-07365-GW-JC

- 9 -

DOCS\539043v2

# SERVICE LIST

*JOHN WOLFE v. ASPENBIO PHARMA, INC., et al.*
Case No. 2:10-cv-07365-GW(JCx)

| | |
|---|---|
| JEFF S. WESTERMAN<br>ANDREW J. SOKOLOWSKI<br>MILBERG LLP<br>One California Plaza<br>300 S. Grand Ave., Suite 3900<br>Los Angeles, California 90071<br>Telephone: (213) 617-1200<br>Facsimile:  (213) 617-1975<br>jwesterman@milberg.com<br>asokolowski@milberg.com | Via CM/ECF |
| **BROWER PIVEN**<br>  A Professional Corporation<br>DAVID A.P. BROWER<br>488 Madison Avenue, 8th Floor<br>New York, New York 10022<br>Telephone: (212) 501-9000<br>Facsimile:  (212) 501-0300<br>brower@browerpiven.com | Via U.S. Postal Service |
| **Laurence M Rosen**<br>Rosen Law Firm PA<br>333 South Grand Avenue 25th Floor<br>Los Angeles, CA 90071<br>213-785-2610<br>213-226-4684 (fax)<br>lrosen@rosenlegal.com | Via CM/ECF |
| **Phillip Kim**<br>The Rosen Law Firm PA<br>350 Fifth Avenue Suite 5508<br>New York, NY 10118<br>212-686-1060<br>212-202-3827 (fax) | Via U.S. Postal Service |

Franklin O'Connell's Notice of Motion and Motion for Appointment of Lead Plaintiff and Approval of Selection of Counsel; Memorandum of Point and Authorities in Support Thereof – CASE NO. 2:10-cv-07365-GW-JC — - 10 -

DOCS\539043v2