Laurence M. Rosen, Esq. (SBN 219683)
THE ROSEN LAW FIRM, P.A.
333 South Grand Avenue, 25th Floor
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

[Proposed] Lead Counsel for Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| JOHN WOLFE, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>vs.<br><br>ASPENBIO PHARMA, INC., RICHARD G. DONNELLY, DAVID FAULKER, STEVE LUNDY, GREGORY PUSEY, JEFFREY G. MCGONEGAL, DR. MARK J. RATAIN, DR. ROBERT CASPARI, MARK COLGIN, GAIL S. SCHOETTLER,<br><br>Defendants. | No. CV 10-07365 GW (JCx)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF MIKE MARNHOUT FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL**<br><br><u>CLASS ACTION</u><br><br>Hearing Date/Time: January 3, 2011, 8:30 a.m.<br>Courtroom: 10, Spring Street |

1

MEMO. P&As ISO MTN. OF MIKE MARNHOUT FOR APPT. AS LEAD PLAINTIFF AND
APPROVAL OF CHOICE OF COUNSEL – Civil Action No. CV 10-07365 GW (JCx)

## MEMORANDUM OF POINTS AND AUTHORITIES

Mike Marnhout ("Movant") respectfully submits this memorandum in support of his motion for an Order, pursuant to Section 21D of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(1) appointing Movant as Lead Plaintiff for all persons other than defendants who purchased the securities of AspenBio Pharma, Inc. ("AspenBio") during the period between February 22, 2007 and July 19, 2010, inclusive (the "Class Period"), seeking to recover damages caused by Defendants' violations of the federal securities laws and to pursue remedies under the Exchange Act (the "Class"); and

(2) appointing The Rosen Law Firm, P.A. as Lead Counsel for the Class.

## I. PERTINENT BACKGROUND

On October 1, 2010, this action was commenced against Defendants[1] for claims under Sections 10(b) and 20(a) of the Exchange Act. On the same day, The Rosen Law Firm issued a PSLRA early notice advising potential class members of, among other things, the claims alleged in this case and the 60 day deadline for class members to move this Court to be appointed as lead plaintiff. A copy of the early notice is attached as Exhibit 1 to the Declaration of Laurence M. Rosen filed herewith ("Rosen Decl.").

---

[1] The Defendants are AspenBio, and the present and former officers and directors of AspenBio: Richard G. Donnelly, Daryl J. Faulkner, Steve Lundy, Gregory Pusey, Jeffrey G. McGonegal, Dr. Mark J. Ratain, Dr. Robert Caspari, Mark Colgin, PhD, and Gail S. Schoettler (collectively the "Defendants").

2

MEMO. P&As ISO MTN. OF MIKE MARNHOUT FOR APPT. AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL – Civil Action No. CV 10-07365 GW (JCx)

The Complaint alleges that AspenBio and certain of its officers and directors issued materially false and misleading statements about the effectiveness of AppyScore, the Company's main product, as a novel and precise test for appendicitis. According to the Complaint, Defendants were aware of or recklessly disregarded information that indicated that AppyScore was not effective in detecting appendicitis as it could not differentiate between appendicitis and other medical conditions.

On February 9, 2010, the Company reported that it would enlarge a then ongoing supplemental clinical trial of AppyScore, and that it anticipated completing said trial in March, 2010.

On June 7, 2010, the Company reported that there had been "significant variability among clinical sites" that had to be reconciled before the full results of the trial could be produced. Then, on June 19, 2010, the Company announced that the clinical trial had shown that AppyScore possessed considerably lower specificity than predicted. As a result of these two disclosures, the price of AspenBio stock first fell from $3.50 to $1.50, and then from over $1 to around $.50.

## ARGUMENT

### II.   MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Exchange Act. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the later of (i) 60 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B)(i) and (ii).

3

MEMO. P&As ISO MTN. OF MIKE MARNHOUT FOR APPT. AS LEAD PLAINTIFF AND
APPROVAL OF CHOICE OF COUNSEL – Civil Action No. CV 10-07365 GW (JCx)

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *Richardson v. TVIA, Inc.*, 2007 WL 1129344, at * 2 (N.D. Cal. Apr. 16, 2007); (citing *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002)).

As set forth below, Movant satisfies the above criteria and is the most adequate plaintiff and should be appointed as Lead Plaintiff.

### A. Movant Is Willing to Serve as Class Representative

Movant has made a timely motion in response to a PSLRA early notice. *See* Rosen Decl., Ex. 1. Additionally, as set forth in Mr. Marnhout's PSLRA certification filed concurrently herewith, Movant has reviewed the complaint, adopts the allegations therein, and is willing to serve as a representative of the class. *See* Rosen Decl. Ex. 2. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the class.

### B. Movant Has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person … that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii); *Cavanaugh*, 306 F.3d at 730. While the PSLRA does not specify how to calculate the "largest

4

financial interest", the approximate losses suffered are the most determinative. *Richardson*, 2007 WL 1129344 at * 4 (citing cases).

Mr. Marnhout purchased 50,000 shares of AspenBio common stock during the Class Period at a cost of $368,167.62. Mr. Marnhout still holds all of these shares, thereby suffering losses of $340,667.62.[2] *See* Rosen Decl., Ex. 3.

Movant is not aware of any other movant that has suffered greater losses in AspenBio securities during the Class Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

### C. The Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Federal Rule of Civil Procedure Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

(1) the class is so numerous that joinder of all members is impracticable,

(2) there are questions of law or fact common to the class,

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and

---

[2] In determining losses for held shares, the Movant uses the average daily closing price of the Company's common stock between the end of the Class Period and November 26, 2010, $.55. *See In re MicroStrategy, Inc. Secs. Litig.,* 110 F. Supp.2d 427, 436 n. 22 (E.D. Va. 2000) (applying PSLRA look-back period price to held shares); 15 U.S.C. §78u-4(e)(1).

5

> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a movant satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification – a *prima facie* showing that the Movant satisfies the requirements of Rule 23 is sufficient. *Cavanaugh*, 306 F.3d at 730-31. At the lead plaintiff stage, "[t]he typicality and adequacy requirements of Rule 23 are the main focus…" and "[e]xamination of the remaining requirements [of Rule 23] are deferred until the lead plaintiff moves for class certification." *Richardson*, 2007 WL 1129344, at * 4 (citing *Cavanaugh*, 306 F.3d at 730)).

Movant fulfills all of the pertinent requirements of Rule 23. Mr. Marnhout shares substantially similar questions of law and fact with the members of the class and his claims are typical of the members of the class. Movant and all members of the class allege that Defendants violated the Exchange Act by publicly disseminating false and misleading statements about its business and products. Mr. Marnhout, as did all of the members of the class, purchased AspenBio securities at prices artificially inflated by Defendants' misrepresentations and omissions and was damaged thereby. These shared claims also satisfy the requirement that the claims of the representative parties be typical of the claims of the class.

Thus, the close alignment of interests between Movant and other class members, as well as his desire to prosecute these actions on behalf of the class, provides ample reason to appoint Mr. Marnhout as Lead Plaintiff.

**D.    The Movant Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses**

6

MEMO. P&As ISO MTN. OF MIKE MARNHOUT FOR APPT. AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL – Civil Action No. CV 10-07365 GW (JCx)

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

    (aa)    will not fairly and adequately protect the interest of the class; or

    (bb)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Movant's ability and desire to fairly and adequately represent the class has been discussed in Section C, above. Movant is not aware of any unique defenses Defendants could raise against any him that would render him inadequate to represent the class. Accordingly, the Court should appoint Mr. Marnhout as Lead Plaintiff for the class.

## III. MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with the Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected The Rosen Law Firm as Lead Counsel. The Rosen Law Firm has been actively researching the Class Plaintiffs' claims - reviewing publicly available financial and other documents and gathering information in support of the claims against the Defendants. Furthermore, The Rosen Law Firm is experienced in the area of securities litigation and class actions, having been appointed as lead counsel in securities class actions in this District and in other courts throughout the nation. The firm has prosecuted securities fraud class actions and other complex litigation and obtained substantial recoveries on behalf of

7

MEMO. P&As ISO MTN. OF MIKE MARNHOUT FOR APPT. AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL – Civil Action No. CV 10-07365 GW (JCx)

investors. The resume of The Rosen Law Firm is attached as Exhibit 4 to the Rosen Declaration.

As a result of the firm's experience in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge that will enable the firm to prosecute this action effectively and expeditiously.  Thus, the Court may be assured that by approving Movant's selection of Lead Counsel, the members of the class will receive the best legal representation available.

## IV.   CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court issue an Order: (1) appointing Mike Marnhout as Lead Plaintiff of the Class; (2) approving The Rosen Law Firm P.A. as Lead Counsel; and (3) granting such other relief as the Court may deem to be just and proper.

Dated:  November 30, 2010

                    Respectfully submitted,

                    THE ROSEN LAW FIRM, P.A.

                    /s/ Laurence Rosen, Esq.
                    Laurence M. Rosen, Esq. (SBN 219683)
                    THE ROSEN LAW FIRM, P.A.
                    333 South Grand Avenue, 25th Floor
                    Los Angeles, CA 90071
                    Telephone: (213) 785-2610
                    Facsimile: (213) 226-4684
                    Email: lrosen@rosenlegal.com

                    -and-

                    Phillip Kim, Esq.

8

MEMO. P&As ISO MTN. OF MIKE MARNHOUT FOR APPT. AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL – Civil Action No. CV 10-07365 GW (JCx)

| | |
|---|---|
| 1 | THE ROSEN LAW FIRM, P.A. |
| 2 | 275 Madison Avenue, 34th Floor |
| | New York, New York 10016 |
| 3 | Telephone: (212) 686-1060 |
| 4 | Facsimile: (212) 202-3827 |
| | Email: pkim@rosenlegal.com |
| 5 | |
| 6 | [Proposed] Lead Counsel for Plaintiffs |

9

# CERTIFICATE OF SERVICE

I, Laurence M. Rosen, hereby declare under penalty of perjury as follows:

I am the managing attorney of The Rosen Law Firm, P.A., with offices at 333 South Grand Avenue, 25th Floor, Los Angeles, CA 90071.  I am over the age of eighteen.

On November 30, 2010, I electronically filed the following MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF MIKE MARNHOUT FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

Executed on November 30, 2010

/s/ Laurence Rosen
Laurence M. Rosen

10

MEMO. P&As ISO MTN. OF MIKE MARNHOUT FOR APPT. AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL – Civil Action No. CV 10-07365 GW (JCx)