JAMES J. BROSNAHAN (CA SBN 34555)
JBrosnahan@mofo.com
SOMNATH RAJ CHATTERJEE (CA SBN 177019)
SChatterjee@mofo.com
MARK R.S. FOSTER (CA SBN 223682)
MFoster@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

Attorneys for Defendant
ASPENBIO PHARMA, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN WOLFE, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>v.<br><br>ASPENBIO PHARMA, INC., RICHARD G. DONNELLY, DAVID FAULKER, STEVE LUNDY, GREGORY PUSEY, JEFFREY G. MCGONEGAL, DR. MARK J. RATAIN, DR. ROBERT CASPARI, MARK COLGIN, GAIL S. SCHOETTLER,<br><br>Defendants. | Case No. CV10 7365 GW(JCx)<br><br>**NOTICE OF MOTION AND MOTION TO TRANSFER VENUE; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Hearing: January 6, 2011<br>Time: 8:30 a.m.<br>Court: 10<br>Judge: Hon. George H. Wu |

sf-2918434

# NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTCE THAT, on Thursday, January 6, 2011, at 8:30 a.m., or as soon thereafter as the matter may be heard, Defendant AspenBio Pharma, Inc. ("AspenBio") will, and hereby does, move to transfer venue pursuant to 28 U.S.C. § 1404(a) from the United States District Court for the Central District of California to the United States District Court for the District of Colorado.  The hearing on the motion shall be held in the courtroom of the Honorable George H. Wu, Courtroom No. 10, located at 312 North Spring Street, Los Angeles, California 90012.

This Motion is based on this Notice, the Memorandum of Points and Authorities set forth below; the accompanying Declarations of Jeffrey McGonegal, Carol Gutesha, and Mark R.S. Foster, and exhibits attached thereto; the papers and pleadings on file with the Court in this action and in *Chipman v. AspenBio Pharma, Inc.*, U.S District Court, CV 10-6537-GW(JCx) ("*Chipman Action*")[1]; and such other written or oral argument and other materials as may be presented before the Court takes the Motion under submission.

This motion is made following the conference of counsel with the Court on October 28, 2010.

---

[1] This case is related to the *Chipman Action*, in which AspenBio has also filed a pending Motion to Transfer Venue (Dkt. No. 8).  Because the issues regarding AspenBio's motions to transfer venue on both actions are substantially similar, AspenBio relies on the declarations and the factual submission in the *Chipman Action* to support this Motion to Transfer Venue.

sf-2918434                                                         i

| | | |
|---|---|---|
| 1 | Dated: December 1, 2010 | MORRISON & FOERSTER LLP |
| 2 | | |
| 3 | | By: /s/ James J. Brosnahan |
| 4 | | JAMES J. BROSNAHAN |
| 5 | | Attorneys for Defendant<br>APSENBIO PHARMA, INC. |

## **TABLE OF CONTENTS**

| | Page |
|---|---|
| NOTICE OF MOTION AND MOTION | i |
| TABLE OF AUTHORITIES | iv |
| MEMORANDUM OF POINTS AND AUTHORITIES | 1 |
| I. INTRODUCTION | 1 |
| II. RELEVANT BACKGROUND | 2 |
| III. THE COURT SHOULD EXERCISE ITS DISCRETION TO TRANSFER VENUE TO THE DISTRICT OF COLORADO | 3 |
|     A. The Locus of Operative Facts is in the District Of Colorado | 5 |
|     B. The Sources of Proof Are Concentrated in the District of Colorado | 6 |
|     C. The Convenience of the Parties Supports Transfer to the District of Colorado | 9 |
|     D. Plaintiff's Choice of Forum is Entitled to Minimum Weight | 11 |
|     E. The Plaintiff's Federal Securities Claims Need Not Be Litigated in the Central District | 12 |
|     F. Court Congestion Favors Transfer To The District of Colorado | 13 |
| IV. CONCLUSION | 13 |

# TABLE OF AUTHORITIES
**Page(s)**

**CASES**

*Baldwin v. Nat'l Safety Assocs., Inc.*,
   No. C 93-0571 BAC, 1994
   U.S. Dist. LEXIS 4468 (N.D. Cal. Apr. 6, 1994) .............................................. 12

*Berman v. Informix Corp.*,
   30 F. Supp. 2d 653 (S.D.N.Y. 1998) ................................................................. 6

*Blue Chip Stamps v. Manor Drug Stores*,
   421 U.S. 723 (1975) ...................................................................................... 10, 11

*Cohn v. OppenheimerFunds, Inc.*,
   No. 09cv1656,
   2009 U.S. Dist. LEXIS 106749 (S.D. Cal. Nov. 12, 2009) ......................... 4, 5, 6

*Cont'l Grain Co. v. Barge FBL-585*,
   364 U.S. 19 (1960) ............................................................................................ 11

*Dura Pharm., Inc. v. Broudo*,
   544 U.S. 336 ................................................................................................ 10, 11

*In re Connectics Sec. Litig.*,
   No. 06civ11496(SWK),
   2007 U.S. Dist LEXIS 38480 (S.D.N.Y. May 23, 2007) ................................ 5, 6

*In re Nematron Sec. Litig.*,
   30 F. Supp. 2d 397 (S.D.N.Y. 1998) ................................................................ 13

*In re Stillwater Mining Co. Sec. Litig.*,
   No. 02 CIV 2806 (DC) et al.,
   2003 U.S. Dist. LEXIS 7983 (S.D.N.Y. May 9, 2003) ....................................... 7

*In re Yahoo!*,
   No. CV 07-3125 et al.,
   2008 U.S. Dist. LEXIS 20605 (C.D. Cal. Mar. 10, 2008) ......................... *passim*

*Ironworkers Local Union No. 68 v. Amgen, Inc.*,
   No. CV 07-5157 PSG(AGRx),
   2008 U.S. Dist. LEXIS 8740 (C.D. Cal. Jan. 22, 2008) ..................................... 6

*Italian Colors Rest. v. Am. Express Co.*,
   No. C 03-3719 SI,
   2003 U.S. Dist. LEXIS 20338 (N.D. Cal. Nov. 10, 2003) .................................. 12

*Jarvis v. Marietta*,
   No. C 97-4951 MJJ,
   1999 U.S. Dist. LEXIS 12659 (N.D. Cal. Aug. 12, 1999) .................................. 13

*Jones v. GNC Franchising, Inc.*,
   211 F.3d 495 (9th Cir. 2000) ........................................................................ 4, 12

*Laborers Local 100 & 397 Pension Fund v. Bausch & Lomb*,
   No. 06 Civ. 1942 (HB) et al.,
   2006 U.S. Dist. LEXIS 36018 (S.D.N.Y. June 5, 2006) ....................................... 7

*Langley Partners LP v. Tripath Tech., Inc.*,
   Case No. 05 Civ. 5255,
   2005 U.S. Dist. LEXIS 23004 (S.D.N.Y. Oct. 6, 2005) ....................................... 5

*Lou v. Belzberg*,
   834 F.2d 730 (9th Cir. 1987) .............................................................................. 11

*Meyers v. Ciano*,
   No. C 01-3955 TEH,
   2002 U.S. Dist. LEXIS 2556 (N.D. Cal. Feb. 13, 2002) ..................................... 11

*Public Employees' Ret. Sys. of Miss. v. Morgan Stanley*,
   605 F. Supp. 2d 1073 (C.D. Cal. 2009) ......................................................... 5, 12

*Saleh v. Titan Corp.*,
   361 F. Supp. 2d 1152 (S.D. Cal. 2005) ............................................................. 12

*Saminsky v. Occidental Petroleum Corp.*,
   373 F. Supp. 257 (S.D.N.Y. 1974) ...................................................................... 7

*Schlenker v. Immucor, Inc.*,
   No. 2:09-CV-04297-JD,
   2009 U.S. Dist. LEXIS 119936 (E.D. Pa. Dec. 22, 2009) ................................. 13

*Schwarzenegger v. Fred Martin Motor Co.*,
   374 F.3d 797 (9th Cir. 2004) ............................................................................... 4

*Stoneridge Inv. Partners, LLC v. Scientific-Atlanta, Inc.*,
   128 S. Ct. 761 (2008) ................................................................................. 10, 11

*Van Dusen v. Barrack*,
  376 U.S. 612 (1964) ..................................................................................................4, 11

*Wash. Public Util. Group v. U.S. Dist. Ct.*,
  843 F.2d 319 (9th Cir. 1987) ............................................................................................ 4

*Wojtunik v. Kedaly*,
  No. 02-8410,
  2003 U.S. Dist. LEXIS 14734 (E.D. Pa. Aug. 26, 2003) ...............................................5, 11

*Young v. Wells Fargo & Co.*,
  No. C 08-3735 SI,
  2008 U.S. Dist. LEXIS 103955 (N.D. Cal. Dec. 17, 2008) .............................................. 11

*Zeta-Jones v. Spice House*,
  372 F. Supp. 2d 568 (C.D. Cal. 2005) ............................................................................... 4

**STATUTES**

15 U.S.C. § 78aa ....................................................................................................................... 3

28 U.S.C. § 1404(a) .......................................................................................................... 1, 3, 11

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This action has no connection to this judicial district. The plaintiff, John Wolfe, does not claim to be a resident of this district. He asserts federal securities fraud claims against AspenBio Pharma, Inc. ("AspenBio"), a Colorado-based company, and its current and former officers and directors ("Individual Defendants") (collectively, "Defendants"), most of whom are Colorado residents. The claims involve public statements that were prepared and approved by AspenBio in Colorado. None of the operative facts occurred in the Central District. The overwhelming majority of the parties and key witnesses are located in Colorado. And, none of the relevant documents is located here. Pursuant to 28 U.S.C. § 1404(a), this case should be transferred to the District of Colorado for convenience and in the interests of justice.

*First*, the locus of operative facts is in Colorado. Securities cases are routinely transferred to the district where the allegedly misleading statements were made because that is where the center of gravity lies. This case is no different. AspenBio is a Colorado corporation with its sole office in Colorado. The statements at issue were prepared or approved by AspenBio in Colorado. The center of gravity in this case is Colorado.

*Second*, the sources of proof are in Colorado. The usual witnesses in securities cases are key employees and advisors involved in preparing the challenged statements and the individuals with significant involvement in the business operations discussed in the statements. Here, six of the nine Individual Defendants – AspenBio's current and former officers – live in Colorado. The pool of potential witnesses – AspenBio's employees and third-party advisors – is also concentrated in the District of Colorado. In addition, AspenBio's books and records were created in and remain in Colorado. The convenience of the witnesses and ease of access to documentary evidence strongly favors transfer to Colorado.

*Third*, the parties' convenience supports transfer. Because the Individual Defendants and AspenBio's potential witnesses are concentrated in Colorado, it would be far more convenient, economical, and just for AspenBio to litigate in Colorado, rather than to bear the expense, burden and opportunity costs of sending its employees to California for litigation. In contrast, the plaintiff's choice of forum is given minimal deference where, as here, the plaintiff resides in a different district and the case is a purported class action.

## II.  RELEVANT BACKGROUND

AspenBio is an emerging bio-pharmaceutical company based in Castle Rock, Colorado. (Ex. 22 at 472, 477.)[2] AspenBio's stock is publicly traded under the ticker symbol "APPY" on the NASDAQ Capital Market. (Compl. ¶ 7.) AspenBio has three lines of business, all of which are based in Colorado. One of AspenBio's business lines is developing a blood-based human diagnostic test, called AppyScore, to aid in the evaluation of appendicitis. (Ex. 22 at 474-76.)

AppyScore measures a patient's plasma concentration of a protein biomarker known as MRP 8/14, which is an inflammation biomarker that correlates with the likelihood of having acute appendicitis. (*Id.* at 473, 479.) Patients who have a low plasma MRP 8/14 concentration tend not to have appendicitis. Clinical tests have shown that AppyScore has high negative predictive value, which is the ability of a test to correctly predict that a patient *does not* have a particular condition. (Ex. 16 at 345; Ex. 27.) Thus, the absence of high concentrations of MRP 8/14 provides evidence to trained medical personnel that a patient is at low risk for having appendicitis. AppyScore is based largely on this concept.[3]

---

[2] All references to "Ex. __" are to the documents attached as Exhibits to the Declaration of Mark R.S. Foster.

[3] Additional information about AppyScore and the plaintiff's allegations are contained in Defendants' concurrently filed Motion to Dismiss.

1   The plaintiff purchased 1,600 shares of AspenBio stock on December 29, 2009, lost money, and claims he was defrauded.  (Compl. ¶ 6 and Certification.) He purports to bring this action on behalf of a class of all persons who purchased AspenBio stock between February 22, 2007 and July 19, 2010.  (*Id.* ¶ 1.)  The plaintiff challenges statements that AspenBio made about AppyScore in its prospectus, press releases, and SEC filings.  He alleges that the statements are false and/or misleading because, according to the plaintiff, AspenBio allegedly claimed that AppyScore would be used to confirm a positive diagnosis of appendicitis, rather than to rule it out.  (*See* Compl. ¶¶ 42, 54.)  He further alleges that AspenBio did not disclose that MRP 8/14 is not specific to appendicitis and is present in patients with various other inflammatory diseases.  (Compl. ¶¶ 46-51.)

The challenged statements were prepared or approved in Castle Rock, Colorado.  (McGonegal Decl.[4] ¶¶ 7, 18.)  AspenBio's other disclosures to investors are generally prepared or approved in Castle Rock, Colorado as well.  (*Id.*) Additional information about AppyScore and the plaintiff's allegations are contained in AspenBio's concurrently filed Motion to Dismiss.

The plaintiff commenced this action on October 1, 2010.

### III.   THE COURT SHOULD EXERCISE ITS DISCRETION TO TRANSFER VENUE TO THE DISTRICT OF COLORADO

The Court has discretion to transfer any civil action to any other district where the action might have originally been brought, for the convenience of the parties and in the interests of justice.  28 U.S.C. § 1404(a).[5]  The purpose of Section

---

[4] All references to "McGonegal Decl." are to the Declaration of Jeffrey McGonegal, previously filed in related action, *Chipman v. AspenBio Pharma, Inc.*, Case No. CV 10-6537-GW(JCx), on October 8, 2010, as Docket Number 9.  A courtesy copy of the declaration is attached as Exhibit 30 to the Declaration of Mark R.S. Foster.

[5] This case could have been brought in the District of Colorado as venue is proper in any district "wherein the defendant is found or is an inhabitant or transacts business."  15 U.S.C. § 78aa.  AspenBio is a Colorado corporation that does its
(Footnote continues on next page.)

sf-2918434                                      3

1404(a) is to "prevent the waste 'of time, energy and money' and to 'protect litigants, witnesses, and the public against unnecessary inconvenience and expense.'" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (citation omitted).

Courts have broad discretion to consider many different factors in considering whether to grant a motion to transfer. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000). The factors courts consider include: the locus of operative facts; the convenience of witnesses and the parties; the ease of access to sources of proof; the differences in the costs of litigation; the familiarity of the forum with the applicable law; any local interest in the controversy; and the relative court congestion in each forum. *See id.*; *see also Zeta-Jones v. Spice House*, 372 F. Supp. 2d 568, 571, 575-76 (C.D. Cal. 2005); *Cohn*, 2009 U.S. Dist. LEXIS 3818365, at *11-21.

The factors here strongly favor transfer to the District of Colorado.[6]

---

(Footnote continued from previous page.)

business in Colorado, and six of the nine Individual Defendants live in Colorado. Therefore, this action "might have been brought" in the District of Colorado. *Cohn v. OppenheimerFunds, Inc.*, No. 09cv1656 WQH-BLM, 2009 U.S. Dist. LEXIS 106749 at *11 (S.D. Cal. Nov. 12, 2009); *see Wash. Pub. Util. Grp. v. U.S. Dist. Ct.*, 843 F.2d 319, 328 (9th Cir. 1987) ("Where an action is brought against multiple defendants alleging a common scheme of acts or transactions in violation of securities statutes, so long as venue is established for any of the defendants in the forum district, venue is proper as to all defendants.") (internal quotations & citation omitted).

[6] Another factor in favor of transferring the case to Colorado is this Court's apparent lack of personal jurisdiction over the named Individual Defendants. The Court may exercise personal jurisdiction over a nonresident defendant only if that defendant has "at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004) (citation omitted). Here, the Court has no general or specific jurisdiction over the Individual Defendants because the Complaint fails to plead that the individuals regularly conduct business, or purposefully availed themselves of the privilege of conducting business, in California. *See id.* at 801-802. Indeed, the Complaint fails to allege *any* contacts between the Individual Defendants and California. Moreover, none of the nine individual defendants is a resident of California, but six are residents of Colorado. (*See, infra,* Part III.C.) Although

(Footnote continues on next page.)

### A. The Locus of Operative Facts is in the District Of Colorado

A key factor in transferring venue is the locus of operative facts. In securities cases, the operative facts are based on defendants' alleged misrepresentations and omissions, which are "deemed to occur in the district where they are transmitted or withheld, not where they are received." *In re Yahoo!*, No. CV 07-3125 et al., 2008 U.S. Dist. LEXIS 20605, at *24-25 (C.D. Cal. Mar. 10, 2008) (transferring from the Central District of California to the Northern District of California where challenged statements were made); *see Cohn*, 2009 U.S. Dist. LEXIS 106749, at *13 (transferring from the Southern District of California to District of Colorado where challenged statements were made); *cf. Public Emps.' Ret. Sys. of Miss. v. Morgan Stanley*, 605 F. Supp. 2d 1073, 1075 (C.D. Cal. 2009) (transferring securities case to New York where "operative facts bear only a tenuous relationship to California").

That is why securities cases – whether individual actions or class actions – are routinely transferred to the district where the statements were made – *i.e.*, the "factual center" of events and the "locus of all relevant decisionmaking" of the case. *In re Yahoo!*, 2008 U.S. Dist. LEXIS 20605, at *25 (citation omitted); *Cohn*, 2009 U.S. Dist. LEXIS 106749, at *13 (same); *accord In re Connectics Sec. Litig.*, No. 06civ11496(SWK), 2007 U.S. Dist LEXIS 38480, at *20 (S.D.N.Y. May 23, 2007) (recognizing that securities cases should be venued where the "center of gravity" lies); *Langley Partners L.P. v. Tripath Tech., Inc.*, No. 05 Civ. 5255, 2005 U.S. Dist. LEXIS 23004, at *4–5 (S.D.N.Y. Oct. 6, 2005) (transferring individual action to district of company's headquarters; citing similar cases); *Wojtunik v. Kedaly*, No. 02-8410, 2003 U.S. Dist. LEXIS 14734, at *31 (E.D. Pa Aug. 26,

---

(Footnote continued from previous page.)

personal jurisdiction over Individual Defendants is not yet at issue because they have not yet been served, this issue that will further complicate matters in this action militates in favor of transferring venue.

2003) (individual securities action transferred to district where company was based and where challenged statements were made); *Berman v. Informix Corp.*, 30 F. Supp. 2d 653, 658 (S.D.N.Y. 1998) (same).

The center of gravity in this case is Colorado. The prospectus, press releases and SEC filings containing the statements at issue originated in AspenBio's office in Castle Rock, Colorado. These statements were also approved by AspenBio's officers who work in Colorado. (McGonegal Decl. ¶ 7.) AspenBio's general practice is to draft, review, and approve investor communications in Colorado. (*Id.* ¶¶ 7, 18.) That the center of gravity of this case is in Colorado makes sense in light of AspenBio's business history and operations. It has been based on Colorado since inception. (*Id.* ¶ 2.) AspenBio's only office is in Castle Rock, where it owns a 40,000 square foot building that houses its administrative office, laboratory, and production operations. (*Id.* ¶ 3.) Colorado is where AspenBio's day-to-day operations are overseen by management team members, most of who live in Colorado. (*See Id.* ¶¶ 4–5.)

For these reasons, the location of operative facts strongly tips in favor of transferring venue to the District of Colorado.

      **B.**    **The Sources of Proof Are Concentrated in the District of Colorado**

The convenience of potential witnesses is often "the most important factor" in a transfer analysis. *In re Yahoo!*, 2008 U.S. Dist. LEXIS 20605, at *8-9; *Ironworkers Local Union No. 68 v. Amgen, Inc.*, No. CV 07-5157 PSG(AGRx), 2008 U.S. Dist. LEXIS 8740, at *14 (C.D. Cal. Jan. 22, 2008).

In securities cases, the key witnesses are frequently officers, employees and advisors who participated in drafting or distributing the challenged statements. *In re Connectics*, 2007 U.S. Dist. LEXIS 38480, at *10; *Cohn*, 2009 U.S. Dist. LEXIS 106749, at *15 (finding that "litigation in Colorado would be more convenient" where defendant's representatives and third-party witnesses resided in Colorado);

*In re Yahoo!*, 2008 U.S. Dist. LEXIS 20605, at *25 (transferring to district of company's headquarters where employees, senior managers, and third parties were concentrated).

The convenience of witnesses involved in drafting, reviewing, or approving the challenged statements weighs strongly in favor of transfer to the headquarters district. *Laborers Local 100 & 397 Pension Fund v. Bausch & Lomb*, No. 06 Civ. 1942 (HB) et al., 2006 U.S. Dist. LEXIS 36018, at *17-18 (S.D.N.Y. June 5, 2006) (transferring case to district where "employees that participated in creating and issuing [the] statements" resided); *In re Stillwater Mining Co. Sec. Litig.*, No. 02 CIV 2806 (DC) et al., 2003 U.S. Dist. LEXIS 7983, at *10 (S.D.N.Y. May 9, 2003) (the "key witnesses in this case are therefore officers and employees of Stillwater who participated in drafting or distributing allegedly false and misleading statements"); *Saminsky v. Occidental Petroleum Corp.*, 373 F. Supp. 257, 260 (S.D.N.Y. 1974) (convenience of defendants' present and former employees who "participated in the allegedly fraudulent transactions" was important factor warranting transfer).

Here, while the vagueness of the Complaint's allegations makes it impossible to identify witnesses at this very early stage of the litigation, the pool of potential witnesses is concentrated in Colorado:

- Thirty-four of AspenBio's thirty-six employees and executives work and reside in Colorado (*see* McGonegal Decl. ¶ 11; Gutesha Decl.[7] ¶ 4); the other two spend the majority of their working time in Colorado (*see* McGonegal Decl. ¶¶ 5, 9, 11; Gutesha Decl. ¶ 5);

---

[7] All references to "Gutesha Decl." are to the Declaration of Carol Gutesha, previously filed in related action, *Chipman v. AspenBio Pharma, Inc.*, Case No. CV 10-6537-GW(JCx), on October 27, 2010, as Docket Number 26. A courtesy copy of the declaration is attached as Exhibit 31 to the Declaration of Mark R.S. Foster.

- Three members of AspenBio's Board of Directors live in Colorado; none lives in California (*see* McGonegal Decl. ¶ 9; Gutesha Decl.¶ 7);
- AspenBio's former Chief Executive Officer, former Chief Operating Officer, and independent consultant who co-invented AppyScore all reside in Colorado (*see* McGonegal Decl. ¶ 6);
- AspenBio's independent auditing firm, GHP Horwath, P.C., is based in Denver, Colorado (*id.* ¶ 13(a));
- AspenBio's intellectual property counsel at the law firm Greenlee, Sullivan, P.C., are based in Boulder, Colorado (*see id.* ¶ 13(b));
- Lawyers at Ballard Spahr, LLP, based in Denver, Colorado and Philadelphia, Pennsylvania, provide AspenBio general corporate, securities compliance, and contract advice (*id.* ¶ 13(d));
- AspenBio's former corporate counsel is based in Greenwood Village, Colorado (*id.* ¶ 13(c));
- Many of AspenBio's vendors, consultants, outside laboratories, and clinical investigators are based in Colorado (*id.* ¶ 14);
- Only one of the three current independent members of AspenBio's independent Medical Advisory Board ("MAB") resides in the Central District (*see id.* ¶ 12);
- AspenBio's current and former regulatory advisors are based on the East Coast (*id.* ¶ 13(f)-(h)); and
- AspenBio's current investor relations firm is based in Massachusetts, while its former investor relations firm is based in Newport Beach, California (*id.* ¶¶ 13(e), (i)).

In short, the majority of potential witnesses – AppyScore's co-inventor, the majority of AspenBio's current and former officers and directors, employees, advisors, consultants, counsel, vendors, and others – are concentrated in Colorado. By contrast, almost none of the potential witnesses identified by AspenBio lives in

the Central District. The convenience of the many potential witnesses weighs heavily in favor of transferring this action to the District of Colorado.

Another source of proof is the documents. AspenBio's books and records were created in and remain in Colorado. (*Id.* ¶ 19.) "'Although the location of relevant documents may be of less significance in light of modern copying and reproduction technologies, it nonetheless retains at least some relevance to the venue inquiry.'" *In re Yahoo!,* 2008 U.S. Dist. LEXIS 20605, at *26-27 (quoting *In re Connectics*, 2007 U.S. Dist LEXIS 38480, at *16)).

These factors strongly support transferring the case to Colorado.

### C. The Convenience of the Parties Supports Transfer to the District of Colorado

In securities cases, "the location of the defendants is a weighty consideration." *In re Yahoo!*, 2008 U.S. Dist. LEXIS 20605, at *8.

Plaintiff's choice of forum would impose a substantial burden on Defendants at trial. Here, seven of the nine Individual Defendants are current members of AspenBio's executive management team and Board of Directors. Six of the nine Individual Defendants live in Colorado. None lives in California. (*see* Gutesha Decl. ¶¶ 3-7.)

- Mr. Gregory Pusey, Vice Chairman, Secretary and member of AspenBio's Board of Directors, lives in Colorado (Compl. ¶ 11; *see* McGonegal Decl. ¶¶ 4(b), 5 & Gutesha Decl. ¶¶ 3-4);
- Mr. Jeffrey G. McGonegal, Chief Financial Officer, lives in Colorado (Compl. ¶ 12; *see* McGonegal Decl. ¶¶ 1, 5 & Gutesha Decl. ¶¶ 3-4);
- Mr. Mark Colgin, Chief Scientific Officer, lives in Colorado (Compl. ¶ 15; *see* McGonegal Decl. ¶¶ 4(d), 5 & Gutesha Decl. ¶¶ 3-4);
- Ms. Gail S. Schoettler, member of Board of Directors, lives in Colorado (Compl. ¶ 16; *see* McGonegal Decl. ¶ 9 & Gutesha Decl. ¶¶ 6-7);

- Mr. Richard G. Donnelly, former Chief Executive Officer, lives in Colorado (Compl. ¶ 8; *see* McGonegal Decl. ¶ 6; Gutesha Decl. ¶ 9);
- Dr. Robert Caspari, former Chief Operational Officer and Chief Medical Officer, lives in Colorado (Comp. ¶ 14; *see* McGonegal Decl. ¶ 6 & Gutesha Decl. ¶ 9);
- Mr. Stephen T. Lundy, Chief Executive Officer, lives in Austin, Texas, but spends two to three weeks each month working in Colorado (Compl. ¶ 10; *see* McGonegal Decl. ¶¶ 4(a), 5 & Gutesha Decl. ¶¶ 4-5);
- Mr. Daryl J. Faulker, Executive Chairman and former interim Chief Executive Officer, lives in North Carolina (Compl. ¶ 9; *see* McGonegal Decl. ¶ & Gutesha Decl. ¶¶ 6-7); and
- Mark J. Ratain, member of Board of Directors, lives in Illinois (Compl. ¶ 16; *see* McGonegal Decl. ¶ 9 & Gutesha Decl. ¶¶ 6-7);

Further, the cost to AspenBio – in terms of lost employee time and financial expenses devoted to travel and lodging in connection with discovery and a lengthy trial (should the case survive that far) – is considerable and weighs heavily in favor of transfer.

The convenience to Defendants is especially important here given the Supreme Court's repeated warning that securities litigation can create undue burdens on defendants. *See Stoneridge Inv. Partners, LLC v. Scientific-Atlanta, Inc.*, 128 S. Ct. 761, 772 (2008); *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 741 (1975). Abuses of discovery in securities cases exist "to a greater extent than they do in other litigation" and "permit[] a plaintiff with a largely groundless claim to simply take up the time of a number of other people, with the right to do so representing an *in terrorem* increment of settlement value[.]" *Blue Chip*, 421 U.S. at 741; *See also Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 347 (2005) (quoting *Blue Chip*).

The potential distractions, costs, and risks first identified by the Supreme Court in *Blue Chip* (and later in *Stoneridge* and *Dura*) overlap with concerns relevant to transfer under 28 U.S.C. § 1404(a). *See Van Dusen*, 376 U.S. at 616. In *Van Dusen*, the Supreme Court explained that the purpose of Section 1404(a) was "to prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Id.* (quoting *Cont'l Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26, 27 (1960)). The concerns and policy objectives identified by the Supreme Court in *Stoneridge*, *Blue Chip*, *Dura*, *Van Dusen*, and *Continental Grain* further support transferring this action to the District of Colorado to reduce the burdens of defending this action.

### D.   Plaintiff's Choice of Forum is Entitled to Minimum Weight.

Plaintiff Wolfe does not claim to live in the Central District. The plaintiff's choice of forum is entitled to minimal deference when it is not his place of residence. *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987) ("[i]f the operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter, [the plaintiff's] choice is entitled to only minimal consideration"); *Meyers v. Ciano*, No. C 01-3955 TEH, 2002 U.S. Dist. LEXIS 2556, at *8-9 (N.D. Cal. Feb. 13, 2002) (plaintiff's choice of forum "commands only minimal consideration where she is not a resident of the district where she instituted suit, the operative facts have not occurred within the forum, and the forum has no particular interest in the parties or subject matter.")

Courts routinely transfer venue where, as here, the plaintiff does not live in the district where he has filed. *In re Yahoo!*, 2008 U.S. Dist. LEXIS 20605, at *22 ("because plaintiffs do not reside in this forum, plaintiffs choice of forum is entitled to only minimal weight"); *Young v. Wells Fargo & Co.*, No. C 08-3735 SI, 2008 U.S. Dist. LEXIS 103955, at *9-10 (N.D. Cal. Dec. 17, 2008) ("Where a plaintiff does not reside in the forum, the Court may afford his choice considerably less weight."); *Wojtunik*, 2003 U.S. Dist. LEXIS 14734, at *30 ("when a plaintiff

chooses a forum other than [his] home forum, that choice receives less deference.") (internal quotation & citation omitted).

Moreover, the weight given to a plaintiff's choice of forum is further discounted because this is a class action. *See Saleh v. Titan Corp.*, 361 F. Supp. 2d 1152, 1157 (S.D. Cal. 2005) (citing *Lou*, 834 F.2d at 739); *see also Italian Colors Rest. v. Am. Express Co.*, No. C 03-3719 SI, 2003 U.S. Dist. LEXIS 20338, at *10 (N.D. Cal. Nov. 10, 2003) (interchangeable representative plaintiffs could be found in several districts, so plaintiff's choice received less deference); *Baldwin v. Nat'l Safety Assocs., Inc.*, No. C 93-0571 BAC, 1994 U.S. Dist. LEXIS 4468, at *6 (N.D. Cal. Apr. 6, 1994) (representative plaintiff's choice entitled to less deference because, even though some class members lived in California, many others lived in other states).

Here, the operative facts did not occur in the Central District. Mr. Wolfe has alleged no connection to this district. He purports to represent a nationwide class (Compl. ¶ 1), and purported class members are likely to live across the country. Plaintiff's choice of forum is, accordingly, entitled to little or no deference.

### E. The Plaintiff's Federal Securities Claims Need Not Be Litigated in the Central District

Familiarity with applicable law is another fact in the transfer analysis. *See Jones*, 211 F.3d at 498-99. In the present case, the plaintiff has asserted only claims arising under federal law. Where federal law governs all claims raised, "either forum is equally capable of hearing and deciding those questions." *Italian Colors*, 2003 U.S. Dist. LEXIS 20338, at *9 (internal quotation & citation omitted). Thus, both this Court and the District of Colorado are presumed to be equally familiar with plaintiff's federal securities law claims, which are to have a uniform standard: "although federal courts sometimes arrive at different constructions of federal law, federal law . . . is supposed to be unitary." *Public Employees' Ret. Sys. of Miss. v. Stanley*, 605 F. Supp. 2d 1073, 1075 (C.D. Cal. 2009) (transferring securities

action) (internal quotation & citation omitted); *see also In re Nematron Sec. Litig.*, 30 F. Supp. 2d 397, 405 (S.D.N.Y. 1998) (federal courts "equally familiar with" applicable federal securities law); *Schlenker v. Immucor, Inc.*, No. 2:09-CV-04297-JD, 2009 U.S. Dist. LEXIS 119936, at *16 (E.D. Pa. Dec. 22, 2009) (same).

### F.  Court Congestion Favors Transfer To The District of Colorado

Another "factor in determining transfer of venue motions involves the consideration of average trial times and court congestion." *Jarvis v. Marietta*, No. C 97-4951 MJJ, 1999 U.S. Dist. LEXIS 12659, at *19 (N.D. Cal. Aug. 12, 1999). The most recent data compiled from the Administrative Office of the U.S. Courts shows judges in this District have a approximately 8% more cases on their docket than judges in the District of Colorado.  (Ex. 29 at 566-67.)  Moreover, judges in this District have an average of 774 civil cases that are over three years old, whereas judges in the District of Colorado have an average of 64 civil cases over three years old.  (*Compare* Foster Ex. 29 at 566 *with id.* at 567.)  These statistical differences tip in favor of transferring to the District of Colorado.

## IV.  CONCLUSION

For the reasons set forth above, AspenBio respectfully requests that the Court transfer venue to the United States District Court for the District of Colorado.

Dated:  December 1, 2010             MORRISON & FOERSTER LLP


                                     By: /s/ James J. Brosnahan
                                         JAMES J. BROSNAHAN

                                         Attorneys for Defendant
                                         ASPENBIO PHARMA INC.